Polaris has "the burden of showing that it had a clear and unequivocal right to" a writ. *Estate of Hutchison*, 494 S.W.3d at 608 (quoting *Pub. Sch. Ret. Sys. of Sch. Dist. of Kansas City*, 188 S.W.3d at 42). Under the circumstances of this case, we cannot say that Polaris has demonstrated a clear and unequivocal right to prohibition.

## Conclusion

Because Polaris has failed to establish a right to a writ of prohibition, the preliminary writ is quashed.

Lisa White Hardwick, Presiding Judge, and Gary D. Witt, Judge, concur.

Lester A. Stone, Appellant Pro-se

Katharine A. Dolin, for Respondent

Before Division Three: Alok Ahuja, Presiding Judge, Victor C. Howard, Judge and James E. Welsh, Judge

## ORDER

PER CURIAM:

Lester Stone appeals from the judgment of the trial court denying his petition for declaratory judgment against Jeremiah Nixon, Governor of Missouri. He contends that the trial court erred in sustaining the governor's motion to dismiss or for judgment on the pleadings based on what he contends was the mischaracterization by the governor of the facts, his claims, and the law. Because a published opinion would have no precedential value, a memorandum has been provided to the parties. The judgment is affirmed. Rule 84.16(b).

**Lester A. STONE, Appellant,**

v.

**Jeremiah NIXON, Respondent.**

**WD 79997**

Missouri Court of Appeals,
Western District.

Order filed: November 22, 2016

Motion for Rehearing and/or Transfer to Supreme Court Denied December 15, 2016

**David K. BYERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**ED 103657**

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

Filed: November 29, 2016

per the terms of the order. We encourage the trial court, as well as courts in other circuits with similar local rules, to review the procedures for placement of cases on inactive or dismissal dockets, removal from those dockets, and dismissal of cases not timely removed, so as to avoid similar confusion.